IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02367-GPG

DOUGLAS LLOYD MICCO,

    Applicant,

v.

FRANCIS FALK, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant Douglas Lloyd Micco is a prisoner in the custody of the Colorado Department of Corrections at the Limon Correctional Facility in Limon, Colorado. Applicant, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. On September 25, 2014, Magistrate Judge Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses in this action.

    Rather than file a Pre-Answer Response, on October 9, 2014, Respondents filed a Motion for Leave to File a Motion to Dismiss, ECF No. 12, and a Motion to Dismiss, ECF No. 13. Respondents claim that the Application clearly is time barred under 28 U.S.C. § 2244(d), and a requirement that they review Applicant's twenty-nine separate

claims is unnecessary.  Magistrate Judge Boland directed Applicant to respond to the Motion for Leave to File.  Applicant filed a Response to the Motion for Leave to File on October 27, 2014.  ECF No. 15.  Respondents replied to Applicant's Response.  ECF No. 20.  Magistrate Judge Boland finding nothing in Applicant's response that provided a basis for denying the Motion for Leave to File granted the Motion.  ECF No. 16.  Because Applicant addressed equitable tolling in the October 27, 2014 Response, Magistrate Judge Boland then directed Respondents to reply and address the tolling arguments.  ECF No. 17.  Respondents filed a Reply to Applicant's October 27 Response, ECF No. 20, and Applicant filed a Reply, ECF No. 22, to Respondents' Reply.

The Court must construe liberally Applicant's Application and other plea dings, because he is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot act as an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will deny the Application as time barred pursuant to 28 U.S.C. § 2244(d).

Respondents assert that the Colorado Court of Appeals (CCA) affirmed Applicant's conviction and the Colorado Supreme Court (CSC) denied certiorari review on April 14, 2008.  Mot. Dismiss, ECF No. 13, at 2.  Respondents also state that the limitation period began to run on July 14, 2008, the last day that Applicant was able to seek review in the United States Supreme Court.  *Id.*  Respondents further assert that the time from July 14, 2008, until July 14, 2009, a total of 365 days, plus the additional 111 days until November 2, 2009, when Applicant filed a postconviction motion, is not

tolled for the purposes of the one-year time limitation in 28 U.S.C. § 2244(d). *Id.* at 3. Respondents conclude this action is clearly barred from federal habeas review.

Applicant does not disagree with Respondents that his conviction was final on July 14, 2008, and that he did not file a Rule 35(c) postconviction motion until November 2, 2009. Applicant, however, presents the following six arguments for finding that the time bar under 28 U.S.C. § 2244(d) should be waived based on equitable tolling.

1. Ineffective assistance of counsel at appellate level proceeding led to violation of § 2254 time limitation;

2. Ineffective assistance of counsel at appellate level proceeding led to cause of procedural default;

3. Petitioner has filed all timely motions within Colorado State Appellate Court Rules;

4. Exhaustion of State Remedies;

5. Actual Innocence; and

6. Miscarriage of justice through judicial misconduct.

ECF No. 15 at 1-2.

It is undisputed that Applicant did not file his Rule 35(c) within the one year period set forth under § 2244(d)(1) and (2). Therefore, this Application can only be considered timely if there are extraordinary circumstances and Applicant exercised reasonable due diligence in filing his Colo. R. Crim. P. 35(c) postconviction motion.

**1. Ineffective Assistance of Counsel (Arguments One and Two)**

In arguments one and two, Applicant asserts that his first retained attorney held information of the "significant" dates and times and possessed all court records necessary to properly file any and all motions in a timely manner. *Id.* at 2. Applicant

further asserts that he had "continual contacts" with this attorney until four months after the "writ of certiorari mandate" issued and was always advised that the attorney was working diligently on the case. *Id.*; ECF No. 22 at 2. Applicant also asserts that three hundred and fifty days after the mandate issued in his direct appeal, he filed a complaint with the Colorado Supreme Court Regulation Council against this attorney for not "doing any work nor communicating" with Applicant. *Id.* Applicant further asserts that he was forced to retain a new attorney so he would be able to meet the July 14, 2009 deadline and that he told the second Rule 35(c) attorney it was urgent that a motion be filed by July 14. ECF No. 15 at 2-3; ECF No. 22 at 2-3.

Applicant contends that attorney error constitutes ineffective assistance of counsel, and under *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), there is cause for excusing default. ECF No. 15 at 3. Applicant also contends that he meets the definition of equitable tolling under § 2244(d), which includes a finding of extraordinary circumstances and the exercise of reasonable due diligence. ECF No. 22 at 3.

Applicant bases his extraordinary circumstances on his retained Rule 35(c) attorneys, who he alleges failed to file a Rule 35(c) postconviction within the proper time limit. Applicant contends that the first attorney communicated to him that he was knowledgeable of federal habeas corpus procedures and that he had the time line "still in [his] sights" and that the second attorney told him the deadline for filing the postconviction motion was not until October 29, 2009. *Id.* at 4-6; ECF No. 15 at 2, 13 and 15. Applicant contends that his second Rule 35(c) postconviction attorney's misconduct was so egregious it created an extraordinary circumstance under *Holland v. Florida*, 560 U.S. 631 (2010). ECF No. 22 at 5-6. Applicant also asserts that the

second retained attorney chose to miss the filing deadline, and in doing so committed fraud, gross negligence, inexcusable neglect, breach of contract, which amounted to extraordinary circumstances. *Id.*

Applicant further asserts that he did not have "control" over either postconviction attorney, that he did not know what was "going on," and that he does not have the "education" to defend himself. *Id.* at 7-8. Finally, Applicant relies on *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), for his argument that inadequate assistance of counsel during collateral proceedings initial review may establish cause for procedural default of ineffective assistance of trial counsel claims when a substantial claim is at issue. ECF No. 22 at 8-9.

A failure to communicate with a habeas client and an affirmative misrepresentation constitute extraordinary circumstances. *See Fleming v. Evans*, 481 F.3d 1249, 1256 (10th Cir. 2007) (citing *United States v. Martin*, 408 F.3d 1089, 1093 (8th Cir. 2005). Nonetheless, it is Applicant's burden to show that he has pursued his claims diligently and that some extraordinary circumstance stood in his way to prevent a timely filing. *Holland,* 560 U.S. at 649. "[A]n inmate bears a strong burden to show specific facts to support his claim of extraordinary circumstances and due diligence." *Mack v. Falk*, 509 F. App'x 756, 760 (10th Cir. 2013) (quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)) (quotation marks and citations omitted). Attorney

negligence can provide the necessary "extraordinary circumstance," but this cannot be a "garden variety claim of excusable neglect." *Holland,* 560 U.S. at 651-52.

The Supreme Court also found in *Holland* that the standard for finding due

5

diligence is based on "reasonable" diligence and not "maximum feasible" diligence. *Id.* at 653. The Court in *Holland* further pointed to various examples of the petitioner's actions that would suffice under the reasonable standard: (1) he wrote numerous letters seeking crucial information and providing direction; (2) he repeatedly contacted the state courts, their clerks, and the Florida State Bar Association to have his attorney removed from his case; and (3) the day the petitioner discovered the time limitation had run under § 2244(d) he promptly filed a habeas petition with the district court. *Id.* Furthermore, the petitioner in *Holland* even provided to his attorney the rules applicable to the proper filing date of the federal habeas petition. *Id.*

First, the Court finds Applicant fails to state an extraordinary circumstance and due diligence regarding the first Rule 35(c) attorney's failure to communicate for the following reasons.

Applicant attached a letter, dated September 18, 2008, to the October 27, 2014 Response, from his first attorney that apologizes for the delay in responding to Applicant. *Id.* at 13. The attorney claimed his efforts were delayed because his partner had to have surgery and assured Applicant, as stated above by Applicant, that he was working through Applicant's issues, had the time lines in sight, and would be there to see him soon. *Id.* Furthermore, based on Applicant's statement that he filed a complaint against his first attorney within 350 days after the mandate issued in his direct appeal, the complaint was filed no later than April 8, 2009, or about seven months after Applicant received the letter from his attorney apologizing for not communicating with Applicant. (Mandate issued some time between April 14 and April 23, 2008, *see* Mot. Dismiss, ECF No. 13-1, at 12; the complaint was filed no later than April 8, 2009, if filed

6

350 days after the mandate issued).  Applicant, however, does not assert what he did during the seven months to inquire about his attorney's progress on the Rule35(c) postconviction motion.

Applicant makes only vague statements that (1) his attorney abandoned him; (2) he did not have control over this attorney; (3) he did not know what was going on; and (4) he did not have the education to defend himself.

Applicant retained the first attorney to prepare a postconviction motion.  Applicant had control over this attorney, because he was able to terminate his attorney's services if he failed to proceed with his Rule 35(c) motion, which he finally did, but only after seven months of no alleged communication with his attorney.

Applicant also fails to state any specific facts that would demonstrate his attorney abandoned him; and he does not state when or if he contacted his attorney either before or after the September 12, 2008 letter to inquire about the status of his motion.  Furthermore, Applicant's ignorance of the law claim is without merit.  It is well established that "ignorance of the law, even for an incarcerated pro se [applicant], generally does not excuse prompt filing."  *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks and citation omitted).

Applicant, therefore, has not met his burden to show specific facts in support of his claim of extraordinary circumstances and due diligence based on his first Rule 35(c) attorney's failure to communicate with him.  *See Mack*, 509 F. App'x at 760. *See Mack*, 509 F. App'x at 760.  Given that Applicant knew he must proceed with a postconviction proceeding by July 14, 2009, it is not reasonable that he waited seven months to file a complaint and retain a new attorney.  Applicant, unlike the applicant in *Holland*, has

7

failed to provide examples of his actions that would suffice under the reasonable standard of diligence.

Second, the Court finds Applicant fails to state extraordinary circumstances and due diligence regarding the second Rule 35(c) attorney's failure to file a postconviction motion by the July 14, 2009 deadline for the following reasons.

Some claims of attorney misconduct may prove to be egregious, *Holland*, 560 U.S. at 651, but a simple "miscalculation" that leads an attorney to miss a filing deadline does not warrant equitable tolling, *id.* at 652.  In *Lawrence v. Florida,* the United States Supreme Court rejected an applicant's argument that his attorney's mistake in miscalculating the AEDPA limitations period entitled him to equitable tolling.  *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007).  The Supreme Court held that "[a]ttorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the postconviction context where prisoners have no constitutional right to counsel."  *Id.; see also Rouse v. Lee,* 339 F.3d 238, 248-49 (4th Cir. 2003) ("a mistake by a party's counsel in interpreting a statute of limitations does not present that extraordinary circumstances beyond the party's control where equity should step in to give the party the benefit of his erroneous understanding" and citing cases supporting this proposition from the Second, Third, Fifth, Seventh, Eighth, Ninth, Eleventh, and Federal Circuits); *Reynolds v. Hines,* 55 Fed. Appx. 512, 513 (10th Cir. 2003) (affirming "reject[ion] [of] Reynolds' request that the limitations period be equitably tolled" noting "Reynolds' attorney's incorrect advice regarding when the limitations period began to run was not the type of extraordinary circumstances entitling Reynolds to equitable tolling").

Applicant states he retained a new attorney so he could meet the limitation date

of July 14, 2009, and he informed this attorney the postconviction motion must be filed by this date. ECF No. 15 at 2-3. Applicant, however, does not assert he insisted that his second attorney file the motion by July 14, 2009, or that he immediately attempted to file a motion, when he received his attorney's July 13, 2009 letter, ECF No. 15 at 15, that stated Applicant's attorney believed the postconviction motion was not due until October 29. Furthermore, nothing Applicant asserts demonstrates that his second attorney engaged in affirmative misrepresentation. The July 13 Letter indicates only that Applicant's second attorney miscalculated the filing deadline.

Because Applicant concedes he knew the filing deadline was July 14, 2009, and his attorney's actions were no more than a miscalculation of the filing deadline, the Court finds that no extraordinary circumstances existed and that Applicant was not reasonably diligent in attempting to meet the July 14, 2009 deadline.

Finally, Applicant's reliance on *Martinez* is misplaced. Habeas petitioners have no constitutional right to postconviction counsel in the first instance and inadequate performance by counsel does not normally excuse procedural default. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). In *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), however, the Supreme Court held that where a state permits a defendant to challenge the assistance of trial counsel only in a postconviction proceeding, then the absence of postconviction counsel, or ineffective assistance of post-conviction counsel, in the postconviction proceeding can constitute cause for the habeas petitioner's default of claims of ineffective assistance of trial counsel. *Id.* at 1318.

*Martinez* also was clear about what it did not hold. *See Banks v. Workman*, 692 F.3d 1133, 1148 (10th Cir. 2012). "[I]n no uncertain terms . . . '[t]he rule of Coleman

governs in all but the limited circumstances recognized here.' " *Id.* (quoting *Martinez*, 132 S. Ct. at 1320). "Martinez applies only to "a prisoner's **procedural default** of a claim of ineffective assistance at trial . . . .' " *Id.* (quoting *Martinez*, 132 S. Ct. at 1315) (emphasis added).

Applicant's only claim is that his attorneys were ineffective because they failed to submit his postconviction motion within the one-year time limitation under 28 U.S.C. § 2244(d).  As found above, this claim lacks the specificity needed to find equitable tolling as a basis for waiving the time limitation under § 2244(d).  Applicant's second Rule 35(c) attorney filed a postconviction motion, just not within the one-year time limitation under § 2244(d); and according to Applicant presented nineteen ineffective assistance of trial counsel claims at the Rule 35(c) hearing, which were appealed and presented to the CSC.  Nothing in Applicant's Application, or other pleadings, states that he is challenging an ineffective assistance of trial counsel claim that was denied in the initial-review proceeding in state court as procedurally defaulted.  Further analysis of these ineffective assistance claims is foreclosed.

Also, even if *Martinez* applied, eleven of the twenty-nine claims Applicant asserts in this action do not address ineffective assistance of trial counsel and would not be considered under the narrow *Martinez* exception.

Nonetheless, because the Application is time-barred, and nothing Applicant asserts suggests that *Martinez* alters the statute of limitations under § 2244(d), *see Sudduth v. Raemisch*, 532 F. App'x 823, 824 (10th Cir. 2013), there is no basis for

finding the one-year limitation period under § 2244(d) should be waived based on *Martinez*.

### 2. Timely Filing of all State Motions and Exhaustion (Arguments Three and Four)

Applicant asserts that his Rule 35(c) postconviction motion and all appeals were timely. ECF No. 15 at 4. He further asserts that Rule 35(c) maintains a three year time limitation to file an appeal, which is applicable after the CSC enters a mandate for denial of a petition for certiorari review. *Id.* Applicant contends that he has diligently pursued his state remedies and that the three-year rule conflicts with federal rules for appellate review procedure. *Id.* Applicant concludes that the term "pending" must include "all of the time during which a state prisoner is attempting, through proper use of state court procedure to exhaust state court remedies with regard to a particular post-conviction application." *Id.* at 5.

Applicant's timely filing argument lacks merit. Filing within the Colorado three-year window does not overcome the one-year procedural bar limiting federal habeas relief. *See Wager v. Milyard*, 202 F. App'x 339, 340 (10th Cir. 2006).

Furthermore, an application for postconviction review is properly filed within the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000). Nothing in *Habteselassie* suggests that the time spent preparing a postconviction motion counts as a pending postconviction motion or other collateral review for the purposes of 28 U.S.C. § 2244(d). Applicant concedes he did not file a Rule 35(c) postconviction motion until November 2, 2009. Based on *Habteselassie*, Applicant did not have a properly filed application for State postconviction or other collateral review pending from July 15, 2008, until November 1, 2009, and may not count this time as tolled for purposes of § 2244(d).

### 3. Actual Innocence and Miscarriage of Justice (Arguments Five and Six)

Applicant asserts that he has been sentenced to a felony without a probable cause finding, due to the illegal tactics of the prosecution and the judge. *Id.* at 7. Applicant further asserts that he was not questioned, interrogated, or interviewed and that he did not decline any interviews or to testify. *Id.* at 7 and 9. Applicant contends that he was illegally sentenced for an uncharged offense, which was not presented to the jury, and that the judge in his postconviction proceeding denied his Rule 35(c) motion based on lies. *Id.* at 7-8.

Applicant also asserts he was convicted in a "faulty trial wrought with insufficient evidence, lack of crime scene, a negative Rape Kit exam, lack of Serological Test results, no presentence investigation report, Judicial Misconduct, Prosecutorial Misconduct, and Ineffective Assiatne [sic] of Counsel." *Id.* at 6. Applicant further asserts that he is "completely and 100% Innocent to the charges brought against him and he committed no wrong doing in any legal or human capacity. There is no proof of any crime whatsoever." *Id.*

Applicant concedes, however, that to state a claim of actual innocence he must support his allegations with new reliable evidence of exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence that was not presented at trial and demonstrate that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. *Id.* at 7. Applicant, however, contends that it would be very difficult for a *pro se* prisoner, while incarcerated, to satisfactorily perform witness investigation, secure postconviction DNA testing, or analyze physical evidence to obtain new reliable evidence. ECF No. 22 at 14. Applicant also contends that the *Schlup* standard of actual innocence does not apply to factual innocence but to legal innocence; and the more likely interpretation of the *Schlup* standard is if the new evidence had been available at trial could a reasonable jury still have convicted the defendant. *Id.* Finally, Applicant relies on *McQuiggin v. Perkins*, for his argument that a habeas petitioner whose petition is untimely may overcome the time bar by making a convincing showing that he committed no crime, and in light of the new evidence no juror could have voted to find him guilty beyond a reasonable doubt. *Id.* at 16.

A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). A credible showing of actual innocence provides a gateway to consideration of an otherwise untimely claim of constitutional error as an equitable exception to the one-year limitation period in § 2244(d). *McQuiggin v. Perkins*, — U.S. — ,133 S. Ct. 1924 (2013). However, "tenable actual-innocence gateway pleas are rare." *Id.* at *1928. To be credible, a claim of actual innocence requires an applicant "to support his allegations of constitutional error with new reliable evidence--whether it be

13

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995); *see McQuiggin*, 133 S. Ct. at *1936 (applying actual innocence test in Schlup to one-year limitation period in § 2244(d)).

The applicant then must demonstrate "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Schlup*, 513 U.S. at 327; *see also McQuiggin*, 133 S. Ct. at *1936.

Applicant's claims are conclusory and vague. None of his claims are based on new reliable evidence under the *Schulp* standard; and nothing in *Schulp* suggests that Applicant is entitled to perform evidence gathering as part of a habeas action to obtain new reliable evidence so that he may proceed based on actual innocence. Applicant's arguments fall far short of the showing that is necessary to support a credible claim of actual innocence under *Schlup*. Therefore, the Court finds no basis for an equitable exception to the one-year limitation period based on actual innocence.

### 5. Conclusion

The Court also notes that unlike a direct appeal, review of a state postconviction application ends when the state courts have finally resolved an application for state postconviction relief. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007). Even if a defendant files a separate certiorari petition of a state postconviction motion in the United States Supreme Court, the petition does not toll the one year time limitation in § 2244(d)(2). *Id.* The time, therefore, from May 20, 2014, the latest date to be used for calculating a denial of the certiorari review in Applicant's Rule 35(c) postconviction motion, until August 25, 2014, the day prior to when Applicant filed this action, a total of

ninety-eight days, is not tolled for the purposes of § 2244(d).

However, even without considering the ninety-eight days from May 20 until August 25, 2014, Applicant has not had a postconviction motion or other collateral review pending in state court for 567 days. The Court, therefore, will dismiss the action as time-barred pursuant to 28 U.S.C. § 2244(d).

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order is not taken in good faith, and, therefore, *in forma pauperis* status is denied for the purpose of appeal. See *Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 is denied and this action is dismissed as time-barred under 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that no certificate of appealability shall issue because Applicant has failed to show that jurists of reason would find it debatable that the district court was correct in its procedural ruling. See *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED January 5, 2015, at Denver, Colorado.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court